UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>2022 FORD BRONCO,<br>VIN 20FMEE5DP6NLB01573, *et al.*,<br><br>Defendants,<br><br>JEFF REGNIER and GRETTA KERENNAN,<br><br>Claimants-Movants,<br><br>In the matter of a Proceeding Purporting to Determine the Liability for Damages of the UNITED STATES SECRET SERVICE,<br><br>Respondent. | No.<br><br>(Formerly Case No. 23 MX 1164, Circuit Court of Will County, Illinois) |

**NOTICE OF REMOVAL**

To:

Frank Andreano
58 N. Chicago St., Ste. 509
Joliet, Illinois 60432
frank@andreanolaw.com

Office of the Circuit Clerk
Will County Court House
100 W. Jefferson Street
Joliet, Illinois 60432

Christopher Hotaling
NIXON PEABODY LLP
70 W. Madison Street, Ste. 5200
Chicago, Illinois 60602
chotaling@nixonpeabody.com

Dant Foulk
Michael Casson
Robert Milan
Assistant States Attorneys
57 N. Ottawa St.
Joliet, Illinois 60432
dfoulk@willcountysao.gov
mcasson@willcountysao.gov
rmilan@willcountysao.gov

The United States Secret Service, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, submits the notice of removal of the Proceeding

Purporting to Determine the Liability for Damages of the United States Secret Service in the above-captioned civil action from the Circuit Court of Will County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1442(a)(1), and in support states the following:

1. Claimants in this state-court forfeiture proceeding are seeking damages from the Will County, Illinois, State's Attorney Office and from the United States Secret Service in connection with a forfeiture proceeding that was dismissed by the court on claimants' motion. Ex. 1, August 12, 2026 Order, ¶¶ A-D. In that August 12, 2026 Order, the state court has ordered that claimants are entitled to actual damages jointly and severally from the Will County State's Attorney Office and the United States Secret Service. *Id.* ¶ 1.

2. Neither the United States nor the United States Secret Service are named parties to this civil case, nor have they been served with a summons or other process. (A Secret Service agent was the affiant on the county's application for a seizure warrant.)

3. A civil action commenced in a state court "that is against or directed to" the United States or any agency thereof "may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a).

4. Because of sovereign immunity, state courts may not provide a damages remedy for the wrongful conduct of employees of the United States. *See, e.g.,* 28 U.S.C. § 1346(b) (providing *exclusive* jurisdiction for such claims to United States District Courts); *Dunne v. Hunt*, 2006 WL 1371445, *4 (N.D. Ill., May 16, 2006) (because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official).

5. Because the state court lacked jurisdiction against the United States agency, this court acquires no jurisdiction upon removal, and the state court proceedings against the United States Secret Service should therefore be dismissed. *Edwards v. Department of Justice,* 43 F.3d 312 (7th Cir. 1994); *Illinois v. Holmes*, 2017 WL 2345631, * 2 (N.D. Ill. May 30, 2017); *Hyde v. Stoner*, 2012 WL 689268, *2 (N.D. Ill. March 2, 2012) (vacating and dismissing state divorce court order compelling disclosure of EPA personnel records for lack of jurisdiction); *see also Ricci v. Salzman*, 976 F.3d 768 (7th Cir. 2020).

WHEREFORE, the state-court case is properly removed to this court pursuant to 28 U.S.C. § 1442(a).

Respectfully submitted,

ANDREW S. BOUTROUS
United States Attorney

By: s/ Maxwell E. Lisy
MAXWELL E. LISY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
maxwell.lisy@usdoj.gov