# Exhibit 1

STATE OF ILLINOIS )
) SS.
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL COURT
WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| IN THE MATTER OF THE PEOPLE OF THE STATE OF ILLINOIS, ex. rel. JAMES W. GLASGOWM, State's Attorney of Will County, | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 23 MX 1164 |
| 2022 FORD BRONCO, VIN#20FMEE5DP6NLB01573, et. al., | ) | |
| Defendants. | ) | |

**ORDER**

This matter coming before this Court on decision on Claimant's Motion to Compel the Return of the Claimants' Property, for an Accounting or in the Alternative for Assessment of Damages Pursuant to : 720 ILCS 5/29B-25 and Motion for Sanctions, the court having reviewed the pleadings herein, heard the arguments of counsel, and having reviewed caselaw and statutes provided by the parties, the court entering this Order pursuant to the Third District Appellate court denying the stay of these proceedings as set forth in Order entered December 10, 2025, the court finds as follows:

A. The property herein was subject to a complaint filed on or about May 26, 2023 and preliminary determination hearing held on November 22, 2023 in Will County case 23 MX 854 and a seizure warrant signed on or about February 24, 2023.

B. The court notes that the forfeiture herein was related to the alleged contraband nature of the funds received by the Claimants. The Act does permit the seizure and forfeiture of assets that are derivative of such funds.

C. That Claimant's Motion to Dismiss was granted on December 3, 2025 wherein all property was ordered to be returned to Claimants.

D. Claimants since filed this instant motion alleging that they were entitled to damages related to the seizure of their Fidelity retirement and investment accounts as to the loss of value of such accounts during the pendency of this matter.

E. That this court finds that any allegations against Fidelity Investments involve allegations of an alleged breach of an alleged fiduciary relationship for which this court is not the proper venue.

F. That this court finds that the seizure warrant issued relative to the investment accounts herein is improper. Such warrant authorized the conversion of the Claimant's retirement and investment accounts. The court finds that there is no legal distinction between these accounts and paper stocks and bonds. The court notes that the seizure warrant was obtained by the United States Secret Service and monies ultimately deposited in the WCPAT account. This court finds that the conversion of such accounts was against the practice of the federal government. Further, the financial institution was able to freeze such accounts in lieu of conversion, thus preserving the unique nature of such accounts while protecting the interests of all parties, and noting that counsel for Fidelity specifically acknowledged that if the accounts contained paper stocks or bonds that those paper certificates would have been surrendered for holding instead of converting the same.

G. That the proceeds of the converted retirement and investment accounts were held in the WCPAT interest bearing account. Claimants argue that they should be entitled to any such earnings on those funds. The State argues that the statute does not provide for such damages so they cannot be granted, but if they were, any recovery by Claimants should be limited to the actual interest earned in the WCPAT account. The court finds that allowing WCPAT and any other governmental agency to profit from the holding of such funds in this circumstances would clearly constitute undue enrichment and is clearly improper.

H. That this court takes notice of its own order of July 16, 2025 granting certain pre-trial relief to Claimants which is the subject of appeal in Third Appellate Court case number 3-25-0652.

I. That although the Will County State's Attorney represented its interests zealously in this matter, that such activity does not rise to the level of sanctionable behavior.

AND ORDERS AS FOLLOWS:

1. That Claimants shall be entitled to actual damages, if any, as a result of the seizure of their Fidelity IRA account for any tax penalties, interest or negative treatment by the Internal Revenue Service or Illinois Department of Revenue as a result of the improper conversion of such account. Such recovery shall proceed jointly and severally against the United States Secret Service as they were responsible for the seizure thereof and against the Will County State's Attorney office due to their active participation in the same.

2. That the Claimants herein did have the right to seek relief as to the issuance of the seizure warrant herein just as they did resulting in this court's entry of its July 16, 2025 Order. That in light of the same, it is improper for this court to seek damages equal to a loss of investment value during the pendency of this case.

3. However, Claimants are entitled to any and all earnings that WCPAT collected while holding the converted funds of the accounts.

4. The State is ordered to provide a complete and detailed accounting, including documentation of the same, of any earnings and any deductions taken in relation to the converted accounts held by WCPAT within 45 days.

5. The Claimants are ordered to provide proof of any damages related to their Fidelity IRA account as set forth in Paragraph 1 within 45 days.

6. Claimant's Motion for Sanctions is denied.

7. Any claims against Fidelity Investments are denied herein with leave for Claimants to seek in a proper venue.

8. Claimant's Petition for Rule is denied.

9. This matter is set for status on accounting and damages proof on October 21, 2026 at 9:00 a.m.

Dated: August 12, 2026

JUDGE