UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>2022 FORD BRONCO,<br>VIN 20FMEE5DP6NLB01573, *et al.*,<br><br>Defendants,<br><br>JEFF REGNIER and GRETTA KERENNAN,<br><br>Claimants-Movants,<br><br>In the matter of a Proceeding Purporting to Determine the Liability for Damages of the UNITED STATES SECRET SERVICE,<br><br>Respondent. | No. 26 C 10295<br><br>Judge Ellis<br><br>(Formerly Case No. 23 MX 1164, Circuit Court of Will County, Illinois) |

**<u>THE UNITED STATES SECRET SERVICE'S MOTION TO DISMISS</u>**

The U.S. Secret Service, by its attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of jurisdiction and in support states as follows:

1. The state court in the Circuit Court of Will County, Illinois, entered an order in case number 23MX1164 finding the U.S. Secret Service jointly and severally liable to claimants Jeff Regnier and Gretta Kerennan for damages due to the seizure of a personal retirement account pursuant to a warrant obtained by the Will County State's Attorney's Office. Dkt. No. 1-1 at ¶ 1. The U.S. Secret Service removed the case to federal court under 28 U.S.C. § 1442 and now moves to dismiss the U.S. Secret Service from this case because this court lacks jurisdiction under the derivative jurisdiction doctrine.

2. Under the derivative jurisdiction doctrine, a federal court's § 1442 removal jurisdiction is derivative of that of the state court. *Minnesota v. United States*, 305 U.S. 382, 389 (1939); *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (explaining that if the state court where an action was initially filed lacked subject matter jurisdiction over the action, a federal court acquires none upon removal, even if the federal court would have had jurisdiction if the case were originally brought in federal court); *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020) ("When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice.").

3. Here, the Circuit Court of Will County lacked jurisdiction to order the U.S. Secret Service to pay damages because the United States has not waived its immunity in state court for such claims. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80, waives the United States' sovereign immunity for some damages claims but vests "exclusive jurisdiction" to United States district courts for such claims. § 1346(b)(1). And in any event, the "United States is the only proper defendant in a case brought under the Federal Tort Claims Act." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). Because the state court lacked jurisdiction over this claim, this federal court did not acquire subject matter jurisdiction as a result of the removal. As the court stated in *McCarter v. John Hancock Ctr.*, No. 02 C 6121, 2002 WL 31875470, at *3 (N.D. Ill. Dec. 26, 2002), "the doctrine of derivative jurisdiction is alive and well in the Seventh Circuit, and its application here requires that this case be dismissed for lack of subject matter jurisdiction."

WHEREFORE, the United States Secret Service should be dismissed from this case for lack of jurisdiction and the remainder of the case remanded to the Circuit Court of Will County.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Maxwell E. Lisy
MAXWELL E. LISY
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
maxwell.lisy@usdoj.gov