**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS<br>ex. rel. JAMES W. GLASGOW,<br><br>Plaintiff,<br><br>*vs.*<br><br>2022 FORD BRONCO, VIN ENDING 1573<br>2021 FORD BRONCO, VIN ENDING 6084<br>2021 AUDI RS Q8, VIN ENDING 2969<br>2022 FORD F-250, VIN ENDING 7351<br>U.S. CURRENCY $1,257.00<br>FIDELITY INVEST. ACCT. ENDING #099245<br>FIDELITY INVEST. ACCT. ENDING 074010<br>FIDELITY INVEST. ACCT. ENDING 076532<br><br>JEFFERY REGNIER AND GRETA KERANEN,<br>KEE CONSTRUCTION, LLC., KEE FIREARMS<br>AND TRAINING, LLC<br><br>Defendant/Claimants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NO. 26 CV 10295**<br><br>Hon. Sara Lee Ellis<br><br>(formerly 23 MX 1164<br>Will County, Illinois) |

**CLAIMANTS' OBJECTION TO REMOVAL**

Now Comes the Claimants, **JEFFERY REGNIER** and **GRETA KERANEN**, by and through their attorneys and for their present *Objection to Removal* states as follows:

**BASIS OF OBJECTION**

1. To make things straightforward, the claimants pose a procedural objection to removal.

2. The United States filed for removal August 26, 2026 (ECF #1), and only after an unfavorable ruling entered in state court. Even if removal were permissible, removal has time limits. 28 U.S.C. § 1446(b), *i.e.* 30 days.

3. By any measure, the government's removal petition comes too late. The Claimants therefore object and request a remand to state court.

## OPERATIVE FACTS

4. The Claimants owned and operated several businesses, including a federally licensed firearm dealership. Alarm bells went off during the COVID-19 pandemic when the Claimants hired an armored car to ferry accumulated cash from their firearm businesses to their bank for deposit. (Ex. A, Bates # 2-23)

5. A sweeping federal investigation ensued involving the Secret Service, ATF, and other federal agencies. (Ex. A, Bates # 3-24)

6. Though the United States is a sovereign with its own court system, judges, law enforcement officers, prosecutors and forfeiture laws, the United States dispatched agents from the U.S. Secret Service and other agencies to pursue the Claimants in state court under Illinois' forfeiture laws. (Exs. A, Bates # 3-24; *see also* Exs. B & C)

7. Under Illinois law, the prosecutor's office receives a percentage of all forfeited sums (720 ILCS 5/29B-26(2)), so it made financial sense for local prosecutors to join forces with their federal counterparts.

8. Whether a formal federal / state cooperation agreement was executed is something beyond the Claimants' knowledge.

9. Federal agents sought, obtained, and executed a seizure warrant issued by a state court judge authorizing the seizure of Claimants' assets, including various investment and stock brokerage accounts. (Ex. B, Bates # 24 - 60)

10. For reasons that are not explicable, the federal agents and local prosecutors convinced the brokerage house that the operative seizure warrant also authorized the immediate sale and liquidation of all stocks and securities held within these accounts. (Ex. D, Bates # 115-119)

11. Ultimately, a state court judge did not see it that way and, when the asset forfeiture action failed, the Claimants sought the return of their stocks, bonds, and annuities. (Ex. E, Bates # 120-149)

12. Much like the statutory powers which Congress has granted its judiciary to remedy forfeiture wrongs (*see e.g*. 28 U.S. Code § 2465), the Illinois General Assembly has granted its judiciary authority over seized property (720 ILCS 5/29B-11) the right to order seized property returned (720 ILCS 5/29B-25(a)) and statutory remedial powers – without the need for a second round of litigation. 720 ILCS 5/29B-25

13. Believing they had been wronged, as gun manufacturers keep records which can be compared against retail sale receipts, the Claimants sought to avail themselves of the statutory remedies Illinois forfeiture laws afford.

14. A hearing was scheduled for April 29, 2026, with the state court judge ordering that notice be provided to all potentially liable parties. (Ex. F, Bates # 150-156)

15. On April 6, 2026, by certified and U.S. mail, notice was sent to Fidelity Investments, the Illinois State Police, the U.S. Secret Service, the U.S. Attorney for the Northern District of Illinois, and the U.S. Attorney General. (Ex. F, Bates # 150-156)

16. The Illinois Attorney General appeared for the Illinois State Police (Ex. G).

17. The State Police appeared because Illinois law makes the agency holding seized property responsible for all damages (720 ILCS 5/29B-25) and it was the Illinois State Police who eventually held the liquidated funds, which totaled more than four million ($4,000,000) dollars.

18. Fidelity Investments also appeared by counsel and all sides briefed their respective positions and, after the matter was continued several times, a hearing was held on July 22, 2026. (Ex. G)

19. The only party who absented themselves was the United States.

20. On August 12, 2026, the Honorable Jennifer Lynch entered a court order holding local prosecutors and the U.S. Secret Service responsible for some resulting losses, but did not command them to fully reconstitute the Claimants stock portfolio as it stood on the date of seizure. (Ex. H, Bates 178-181)

21. Further hearings were set in state court for October 21, 2026. (Ex. H, Bates 181)

22. The Claimants had planned to request reconsideration prior to the next scheduled court date, and possibly pursue an appeal, depending upon the terms of the final judgment entered.

23. Having received an unfavorable ruling in the forum which the United States freely and voluntarily elected to litigate, presumably under an explicit joint federal - state cooperation agreement, the United States now seeks removal.

## ARGUMENT

24. Putting aside momentarily whether one sovereign can freely and voluntarily avail itself of the other's court system and then claim immunity (*See e.g. Lapides v. Board of Regents of Univ. System of Ga.*, 535 U.S. 613 (2002)), under its own laws the United States request for a federal venue comes too late.

25. Even if removal were allowed under 28 U.S.C. § 1442, removal has time limits. 28 U.S.C. § 1446(b), *i.e.* 30 days, and by any measure the government's attempt at removal comes too late.

26. In *Railey v. Sunset Food Mart, Inc.*, 16 F.4th 234 (7th Cir. 2021), the Seventh Circuit made plain that "a defendant cannot bury its head in the sand or feign ignorance" to avoid the 30-day removal clock. *Id* at 241.

27. The Claimants served formal notices on April 6, 2026. (Ex. F, Bates # 150- 156) and removal was not sought until August 26, 2026 (ECF #1), and only after an adverse ruling entered.

28. Further, the state court prosecutors and Secret Service copiously communicated by email with Fidelity Investments when seeking a liquidation of the Claimants' brokerage accounts, and the Claimants suspect that local prosecutors provided blow-by-blow emails and updates about this litigation to their federal counterparts.

29. If a lack of prior knowledge is now claimed, the Claimants should be allowed some discovery on this issue.

30. As to sovereign immunity, the matter is not as clear as the government suggests.

31. Congress passed the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S. Code § 2465, waving sovereign immunity and explicitly providing for judicial remedy of forfeiture wrongs without the need for a second round of litigation.

32. Included within these reforms is the obligation that the United States must obey judicial orders to return seized property; "[S]uch property shall be returned forthwith to the claimant or his agent." 28 U.S.C. § 2465(b)(1)

33. If the government wants to sell seized property before the final gavel falls, a request for an interlocutory sale is required because title to seized property does not vest in the government until a judgment order enters. *See e.g. U.S. vs.*

*Approx. 81,545 Cans of Baby Formula*, 560 F. 3d 638, 641 (7th Cir. 2009)(If the government demonstrates that seized property is perishable or other good cause exists, a judge may authorize a pre-judgment sale).

34. The Illinois General Assembly has followed Congress' lead and likewise granted its judiciary statutory authority over seized property (720 ILCS 5/29B-11) the right to order seized property returned (720 ILCS 5/29B-25(a)) and statutory authority to fashion financial remedies. 720 ILCS 5/29B-25

35. And much like federal law, seized property must be safeguarded (720 ILCS 5/29B-7) and can only be sold "When property is forfeited under this Article." (720 ILCS 5/29B-7(b))

36. In sum, whether the United States elects to litigate within its own court system or elects to dispatch its agents to seek relief in state court, both Congress and the Illinois General Assembly have made sure that judges are not potted plants.

37. Notwithstanding the foregoing, the United States sat on its hands until an unfavorable ruling entered in state court – allowing the removal clock to expire in the process.

WHEREFORE, the Claimants urge that removal has come too late and urge that this matter be remanded to state court.

By: ____*/s/ Frank Andreano*__________
One of Claimants' attorneys

Andreano Law PC
Attorney for JEFFERY REGNIER and GRETA KERANEN
Frank P. Andreano ARDC #06202756
58 N. Chicago Street, Ste. 509
Joliet, Illinois 60432
815-242-2000
frank@iltrials.com

**CERTIFICATE OF SERVICE**

I, Frank P. Andreano, an attorney on oath and pursuant to penalty of perjury, as provided under 28 U.S. Code § 1746, and being located within the bounds of the United States, state that on this 31st day of August, 2026, I served the attached objection upon all parties who have appeared herein by the ECF filing service. I further state that I served the following persons by email:

Christopher Hotaling
NIXON PEABODY LLP
70 W. Madison St. Ste. 5200
Chicago, IL 60602
chotaling@nixonpeabody.com

D. Foulk
Assistant States Attorney
Will County
57 N. Ottawa Street
Joliet, Il 60432
dfoulk@willcountysao.gov

Maxwell S. Busby
Assistant Attorney General
Government Representation Division
Office of the Attorney General
115 S. LaSalle Street
Chicago, IL 60603
Maxwell.Busby@ilag.gov

By:____/s/ Frank Andreano_________

One of Claimants' attorneys

Andreano Law PC
Attorney for JEFFERY REGNIER and GRETA KERANEN
Frank P. Andreano ARDC #06202756
58 N. Chicago Street, Ste. 509
Joliet, Illinois 60432
815-242-2000
frank@iltrials.com